```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

TAMERA WILLIAMS                                CIVIL ACTION

VERSUS                                         NO: 09-6440

ROBERT J. CROWE, SHERIFF OF                    SECTION: R
WASHINGTON PARISH and DEPUTY STEVEN
PINAC

## ORDER AND REASONS

In this civil rights action, plaintiff moves to strike the defendants' affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure. Because the Court finds that plaintiff's motion is untimely, the Court DENIES the motion.

### I.   BACKGROUND

On September 21, 2009, plaintiff Tamera Williams sued Sheriff Robert J. Crowe and Deputy Steven Pinac for deprivation of liberty and violation of due process, and state law defamation.[1] Williams, a former employee for the State Department of Corrections, alleges that she was terminated from her employment without an investigation or a hearing after Pinac accused Williams of making a threatening comment directed towards the Warden.[2] Williams further alleges that she sent a letter to Crowe asking for a hearing to clear her name, but that she

---

[1] R. Doc. 1.

[2] *Id.* at 2.

received no response.[3]  Williams asserts that the actions of Crowe and Pinac violated her property interest in her employment and constitute defamation.[4]

On November 12, 2009, and January 5, 2010, Crowe and Pinac filed answers to Williams's complaint that included affirmative defenses.[5]  On December 21, 2010, plaintiff filed a motion to strike the defendants' affirmative defenses.[6]

## II.  DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike an insufficient defense "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  Crowe and Pinac electronically filed their answers on November 12, 2009 and January 5, 2010, and plaintiff was served immediately *via* electronic mail.  Plaintiff filed this motion to strike on December 21, 2010, more than 11 months after she was served with the later of defendants' answers.  Accordingly, because plaintiff did not file her motion to strike within 21 days after being

---

[3]  *Id.*

[4]  *Id.* at 3.

[5]  R. Doc. 4; R. Doc. 7.

[6]  R. Doc. 18.

served with defendants' answers, plaintiff's motion to strike is denied as untimely.[7]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to strike.

New Orleans, Louisiana, this 2nd day of January, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[7] A court may, in its discretion, strike insufficient defenses on its own initiative after the 21-day deadline has expired. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) ("Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion."). The Court declines to do so in this case. This is not a case where plaintiff's delay was caused by the need for discovery before filing the motion. Rather, plaintiff's challenge to the affirmative defenses is a facial challenge, arguing that the affirmative defenses are nothing more than legal theories with implied elements. Thus, because of the timing of this motion and its substance, the Court declines to convert plaintiff's motion to one on the Court's own initiative.